# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OMAR ANTWAN WALKER,

    Petitioner,

v.                                                           CASE NO. 5:18-cv-123-Oc-02PRL

WARDEN, FCC COLEMAN, USP II,

    Respondent.

_____/

# **O R D E R**

This cause comes before the Court on the Petition for Writ of Habeas Corpus (Dkt. 1) filed by Omar Antwan Walker pursuant to 28 U.S.C. § 2241. Respondent Warden, FCC Coleman, USP II ("the Warden") filed a Response to Petition. Dkt. 5. Walker filed his Reply. Dkts. 6, 7. After due and careful consideration of the petition, the submissions of the parties, and the entire file, the Court concludes that the petition should be denied.

## PROCEDURAL BACKGROUND

Walker is a federal inmate currently incarcerated at the Federal Correctional Complex, United States Penitentiary Coleman II in Sumter County, Florida. He is serving 162 months imposed by the United States District Court for the Northern

District of Georgia for interstate transportation of a stolen motor vehicle, assault on a federal officer, and car-jacking. Dkt. 5-1 at 17-18. According to the Bureau of Prisons ("BOP"), with time for good conduct, he is scheduled to be released from federal custody on March 4, 2020. *Id.* ¶ 17. Walker contends his release should be immediate based on the BOP's failure to credit him with time he earlier served in state custody. Dkt. 1 at 8.

### *Convictions and Sentences*

On November 4, 2002, Walker was arrested on a Michigan warrant, and on September 15, 2003, he was sentenced in Michigan state court to 114 months to 50 years for assault with intent to commit bodily harm, to run concurrent with 96 months to 32 years for malicious destruction of property. Dkt. 5-1 at 7-8 ¶¶ 4, 5; 5-1 at 12. He was taken into temporary federal custody on January 5, 2004, pursuant to a writ of habeas corpus *ad prosequendum*. Dkt. 5-1 at 8 ¶ 6. He was sentenced on the federal charges set forth above on January 12, 2006, to run consecutive to the Michigan state sentences. Dkt. 5-1 at 8 ¶ 8; 5-1 at 17-18.

Walker was returned to the Michigan Department of Corrections ("MDOC") on January 13, 2006, to complete his state sentence. Dkt. 5-1 at 8 ¶ 9. About one month later on February 27, 2006, Walker was resentenced in state court to a reduced guideline sentence of 66 months to 25 years for both state court counts.

Dkt. 5-1 at 8 ¶ 10; 5-1 at 20. He was paroled to federal custody to serve his federal sentence on March 17, 2009. Dkt. 5-1 at 8 ¶ 11. Walker was "discharged via parole" from his state sentence on March 17, 2011. Dkt. 5-1 at 8 ¶ 13.

Years later in August 2017, the Michigan state court entered a corrected judgment and sentence to reflect that the sentence on the first count of his state court sentence should have remained at 114 months to 50 years. Dkt. 5-1 at 26. The error in the February 2006 state judgment caused Walker to be paroled to federal custody earlier than he should have been – on March 17, 2009. Dkt. 5-1 at 8 ¶ 12; 5-1 at 24 ("Court is aware that based on the Court's mistake/clerical error on the 2006 Judgment of Sentence caused Defendant to be mistakenly paroled on 3/17/09 instead of being eligible on 3/14/13."); 5-1 at 29. Because Walker was "discharged via parole" from his state sentence on March 17, 2011, the MDOC could not process the correction of 2017. Dkt. 5-1 at 8 ¶ 13, 5-1 at 29 ("[A]s of 03/17/11, [Walker] is no longer an MDOC prisoner and we cannot process the amended judgment").

The BOP arrived at the March 2020 release date by giving Walker credit for his federal sentence from November 4, 2002, through September 14, 2003, a roughly 317-day period that was never credited against his state sentence. Dkt. 5-1 at 8 ¶¶ 16, 17; 5-1 at 36-41. Walker claims he is due to be credited from the date

he was first sentenced on the Michigan crimes, September 15, 2003, to the date he was paroled to federal custody, March 17, 2009.

## LEGAL STANDARDS

The Attorney General, through the BOP, is responsible for computing an inmate's sentence. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). The proper method to contest the calculation in the district court is through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005), *abrogated on other grounds as recognized in United States v. Cunningham*, 800 F.3d 1290, 1292 (11th Cir. 2015). Although exhaustion of administrative remedies is no longer a jurisdictional requirement, the respondent may assert failure to exhaust as a defense. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one."). To successfully avoid the defense, the inmate must properly complete the exhaustion of remedies prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

The BOP has established an Administrative Remedy Program ("ARP"), codified at 28 C.F.R. §§ 542.10, *et seq*. The ARP provides three levels of appeal –

institutional, regional, and national.[1] Dkt. 5-1 at 43 ¶ 3. First, the inmate files a request with the institution where incarcerated. *Id.* If denied at the institutional level, the prisoner may appeal to the regional level, which for Walker is the Southeast Regional Office in Atlanta, Georgia. *Id.* If denied at the regional level, one more appeal may be filed at the national level, which is the Office of General Counsel at the Central Office. *Id.* At any of the three levels, the administrative request or appeal may be rejected and returned to the inmate unconsidered for failure to follow the rules. Dkt. 5-1 at 44 ¶ 5; 28 C.F.R. § 542.17.[2]

## GROUNDS FOR RELIEF

Walker raises one ground in his petition – that the BOP did not properly credit jail time. Dkt. 1 at 10. He claims the calculation was based on a void or incorrect state court judgment and sentence, presumably the reduced February 2006 sentence. *Id.* at 2, 3, 6, 10. He asks this Court to direct the BOP to award him credit toward his federal sentence from September 15, 2003, through March

---

[1] Before appeals, the prisoner begins the process by filing an informal grievance. 28 C.F.R. § 542.13(a); *Bailey v. Warden, FCC Coleman – USP II*, No. 5:12-cv-260-Oc-35PRL, 2015 WL 1707888, at *4 (Fla. M.D. Apr. 15, 2015).

[2] Section 542.17(a) provides:
> Rejections. The Coordinator at any level (CCM, institution, region, Central Office) may reject and return to the inmate without response a Request or an Appeal that . . . does not meet any . . . requirement of this part.

17, 2009, and to immediately release him from prison. *Id.* at 8, 10. He alleges he has exhausted his administrative remedies. *Id.* at 10.

The Warden raises as a defense the failure to exhaust administrative remedies. The Warden further contends that even if Walker did exhaust those remedies, the federal sentence was calculated correctly with time credited for all applicable prior custody.

### *Exhaustion of Administrative Remedies*

On December 9, 2011, Walker filed a request at the institutional level seeking jail time credit, which was denoted as administrative remedy number 668238-F1. Dkt. 5-1 at 44 ¶ 8. The request was accepted and denied. *Id.* On January 10, 2012, he filed an administrative appeal from the denial of his request at the regional level, which was rejected for failure to submit his appeal in proper form. *Id.* at 44 ¶ 9. His second attempt at the regional level was rejected for similar reasons. *Id.* at 44 ¶ 10. On his third attempt, the administrative claim was accepted but denied. *Id.* at 44 ¶ 11.

Walker next filed an appeal at the national level with the Central Office. Dkt. 5-1 at 44 ¶ 12. The appeal was rejected on June 23, 2012 as untimely, but he was given the opportunity to provide verification that the reason for untimeliness

was not his fault. *Id.* He never responded or refiled his appeal. Dkt. 5-1 at 45 ¶ 13.

The attachments to the response, as noted above, substantiate that Walker followed the ARP through the final level of appeal. At the top national level, however, his appeal was rejected as untimely. Given the opportunity to comply with the instructions to state that the reason for untimeliness was not his fault, Walker failed to submit anything. He never refiled his appeal at the national level. Accordingly, the Court finds that Walker did not exhaust his administrative remedies, although given the opportunity, and his claim is denied on this basis.

### *BOP's Computation of Jail Credit Time*

Although the Court is not required to do so, it now examines the merits of the petition.[3] In calculating a federal sentence, a term of imprisonment commences on the date the defendant is received into federal custody. 18 U.S.C. § 3585(a). A defendant is in federal custody when "awaiting transportation to . . . the official detention facility at which the sentence is to be served." *Id.*

Federal custody does not begin when a federal defendant in state custody is produced for prosecution pursuant to a federal writ of habeas corpus *ad*

---

[3] *See Santiago-Lugo*, 785 F.3d at 475 ("[B]ecause exhaustion is non-jurisdictional, . . . a court may skip over the exhaustion issue . . . to deny . . . the petition on the merits[.]").

*prosequendum. Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir.), *reh. denied*, 633 F.2d 582 (1980); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938).[4] In this situation, the state authorities' loss of jurisdiction is considered only "temporary" as the prisoner is "on loan" to the federal officials. *Causey*, 621 F. at 693. Actual federal custody does not commence until the state authorities relinquish the inmate on satisfaction of the state obligation. *Zerbst*, 97 F.2d at 254 (holding that a "right acquired by first arrest continues unchanged until the arresting government has completed the exercise of its powers, and a waiver extends no further than it is intended to extend").

Walker was transferred from state to federal authorities pursuant to a federal writ of habeas corpus *ad prosequendum* on January 5, 2004. At this point, he was in temporary federal custody to be prosecuted. The federal authorities returned Walker to Michigan state authorities the day after he was sentenced for the federal crimes, January 13, 2006. Dkt. 5-1 at 8 ¶ 9. The MDOC gave Walker credit for all this time on his state sentence. Walker was not released from primary state custody until he was paroled on March 17, 2009. *Id.* at 9 ¶ 16. Therefore,

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

Walker's 162-month federal sentence did not commence until March 17, 2009, when the state of Michigan relinquished jurisdiction over him. *Id.* at 9 ¶ 16.

As the exclusive party to compute credit for an inmate's sentence, the Attorney General through the BOP will give credit for time served "only if the specified time period has not been credited against another sentence." *Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (citing 18 U.S.C. § 3585 (b)(2)). The Attorney General is not required to give credit toward a federal sentence for time spent serving a sentence imposed by another jurisdiction for an unrelated offense. *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982).

Walker had not received credit toward his state sentence from November 4, 2002, the date of his arrest, through September 14, 2003, which is the date he was sentenced on the state charges. Dkt. 5-1 at 9 ¶ 16. The BOP therefore credited this 317-day period on his federal sentence. *Id.* The period for which Walker seeks credit – from September 15, 2003, through March 17, 2009 – was already credited toward his state sentence. During this time, Walker was either "on loan" to the federal authorities or in the custody of the Michigan state authorities. Walker was not in custody awaiting transportation to the official detention facility at which his federal sentence was to be served until March 17, 2009. Walker,

having received credit against his state sentence from September 15, 2003, through March 17, 2009, may not also receive credit on his federal sentence. Accordingly, the Court finds that the BOP properly calculated Walker's federal sentence and his claim is denied on the merits.

It is therefore **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C. § 2241 is denied. The Clerk is directed to enter judgment for Respondent, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 27, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
Petitioner, *pro se*